# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 30th day of May, 2019.*

Present:  All the Justices

Judith Mara Cofield,                                                                    Appellant,

  against      Record No. 181603
                 Circuit Court No. CL18-2692

Virginia State Bar, *ex rel.* Second District Committee,                          Appellee.

Upon an appeal of right from a judgment rendered by the Circuit Court of the City of Virginia Beach.

Upon consideration of the record, briefs, and argument, the Court is of opinion that there is no error in the memorandum order that is the subject of this appeal.

Judith Cofield represented the plaintiff in a medical malpractice action filed in the Circuit Court for the City of Norfolk.  During discovery, Cofield issued a deposition notice to a nonparty hospital seeking access to the plaintiff's electronic health records.  The hospital agreed to provide access, but because it used an internal provider portal to access patient records, it advised that it would charge a fee for providing a staff member to facilitate access.

Cofield objected to the fee.  She filed a motion arguing that the Health Insurance Portability and Accountability Act and regulations promulgated by the United States Department of Health and Human Services ("HHS") prohibited a health care provider from charging a fee for viewing preexisting protected health information ("PHI").  To support this assertion, the motion stated:

> The fee may <u>only</u> (emphasis in the original CFR) include costs of
> (1) labor for copying; (2) supplies for creating the paper copy or
> CD, USB drive; (3) postage if requested to be mailed; (4)
> preparation of an explanation or summary of the PHI, if a summary
> is requested; (5) transferring (e.g., uploading, downloading,

attaching, burning) electronic PHI to a web-based portal (where the **PHI is not already maintained in or accessible through the portal**). *See*, CFR 164.524(c)(3) and (4).

Cofield subsequently filed two additional pleadings in support of the motion, both of which used essentially the same language and the identical citation sentence to support the same assertion.

The trial court judge presiding over the malpractice case reviewed Cofield's pleadings and found that only the first four costs enumerated in the list were supported by the cited C.F.R. provisions. In a letter to Cofield and the hospital's attorney, the judge wrote: "My copy of 45 C.F.R. § 164.524(c)(3) and (4), which I presume to be the section that was intended to be cited, includes the first four items on the lists cited above. It does not make any mention of the fifth item, which is obviously the one that would be germane to the instant motion." The judge went on to note:

> My law clerk and I have been unable to locate any authority whatsoever to support the assertion that a provider may charge the fee described in what is cited as subparagraph (5) only if the PHI is not maintained in a portal. In fact, we find nothing in the statute or regulations that even mentions a portal.
> Because Ms. Cofield specifically quoted and cited the regulation and included a subparagraph that we cannot find, I need some clarification. Are we looking at the wrong regulation? Was it mis-cited or cited in error? I would appreciate a written response from each of you.

In response, Cofield submitted what she titled "Plaintiff's Clarification." This clarification comprised only a highlighted printout of a "Questions and Answers" section of the HHS website discussing permissible fees for providing access to PHI. She did not include a signed pleading, brief, or any sort of narrative explanation in reply to the judge's request for a "written response." The printout contained the language used in subparagraph (5) of Cofield's pleadings that the citation clause attributed to "CFR 164.524(c)(3) and (4)."

The trial court ultimately denied Cofield's motion in a letter opinion. The opinion observes that Cofield's pleadings "describe the regulation as having an extra provision that it does not have" and "purport[] to quote the regulation verbatim." These references, the trial court ruled, "are misrepresentations of the text of 45 C.F.R. § 164.524(c)." In a footnote to this conclusion, the letter opinion states that the website printout "did not provide the requested

2

clarification about the regulation and why it was quoted with five subparagraphs rather than four." The underlying malpractice case ultimately settled.

The trial judge subsequently filed a complaint about Cofield's conduct with the Virginia State Bar. The Bar investigated and charged Cofield with violations of Rules 1.1 and 3.3(a)(1) of the Rules of Professional Conduct. Cofield demanded that a three-judge circuit court panel conduct a hearing pursuant to Code § 54.1-3935.

At the conclusion of the misconduct phase of the hearing, the three-judge panel found that Cofield had violated Rule 3.3(a)(1), but not Rule 1.1. The panel explained in a memorandum order that it

> unanimously found under the clear and convincing evidentiary standard that the manner Respondent presented the language from the HHS website in her pleadings was intentional and constituted knowingly false statements of the content of 45 C.F.R. § 164.524(c)(4), in that she presented that language as a sequentially numbered subpart of the C.F.R. along with the four actual numbered subparts of the C.F.R. and cited to the C.F.R. but made no citation or reference to the HHS website—all with knowledge that the C.F.R. did not contain that language or a fifth subpart and that the HHS website was the source of that language—in violation of [Rule 3.3(a)(1)].

After hearing evidence and argument during the sanctions phase of the hearing, the panel unanimously determined that an admonition was the appropriate sanction for Cofield's conduct.

We agree with the memorandum order of the three-judge panel and affirm. This order shall be published in the Virginia Reports and shall be certified to the Circuit Court of the City of Virginia Beach.


A Copy,

Teste:

Douglas B. Robelen, Clerk

By:

Deputy Clerk

3